■ In the Matter of JOE SPERLING, as President of Social Service Employees Union, Local 371, Petitioner, v ROBERT D. HELSBY et al., Constituting the State of New York Public Employment Relations Board, Respondent, and CITY OF NEW YORK, Intervenor-Respondent.—In this article 78 proceeding transferred by order of the Supreme Court, New York County, and entered November 1, 1976 the determination of respondent Public Employment Relations Board (PERB), dated June 24, 1976, affirming dismissal of petitioner's charge that the City of New York Department of Investigation violated section 209-a (subd 1, pars [a], [b], [c]) of the Civil Service Law (the Taylor Law) by refusing to allow one of the union representatives to be present with one of its members who was a city employee during an investigatory interview conducted by the Department of Investigation, is unanimously confirmed, with one bill of $60 costs and disbursements to respondent and intervenor-respondent. Responding to a call from the Department of Investigation to appear for an interview regarding a "Senior Citizens" site, Social Services Department employee, Sanford Rifkin, arrived accompanied by a union representative as well as an attorney retained by the union. Although the union's attorney was permitted to attend the union representative was not. Petitioner thereupon filed an improper practice charge which PERB dismissed, finding no "anti-union animus" and no per se violation of the Taylor Law in excluding the union

representative from the interview. Since the record supports PERB's determination that no "anti-union animus" existed the only point meriting discussion is petitioner's contention, presumably buttressed by *National Labor Relations Bd. v Weingarten, Inc.* (420 US 251), that a public employee, provided he requests it, has a right to union representation at an investigatory interview if he reasonably believes the investigation will lead to adverse employer action. But *Weingarten* is not controlling for it is concerned with the plight of a private sector employee who is compelled to appear at such an interview. Here not only does the applicable law, subdivision 3 of section 209-a of the Civil Service Law, specifically recognize the existence of fundamental distinctions between private and public employment but in addition section 75 of the Civil Service Law affords public employees more protection throughout the processes of investigation and disciplinary proceedings then the private processes noted in *Weingarten.* Furthermore, inasmuch as PERB's interpretation of its statute is a legally permissible one, the court will not substitute its interpretation. *(Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46.) Concur—Lupiano, J. P., Capozzoli, Lane and Yesawich, JJ.